47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara McCLINTON, Plaintiff-Appellant,
v.
VICKERS INCORPORATED, Defendant-Appellee.
 No. 92-1927.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: ENGEL, JONES and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the dismissal with prejudice of her complaint for employment discrimination, brought under the Michigan Handicappers' Civil Rights Act (HCRA), Mich.Comp.Laws Ann. Secs. 37.1101-1214 (West 1985 & Supp.1994), and for intentional infliction of emotional distress. The district court, after a hearing on defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), determined that the plaintiff had failed to state a claim for handicap discrimination because the complaint contained no allegation that the plaintiff's claimed handicap limited a significant life activity as required by Mich.Comp.Laws Ann. Sec. 37.1103(e)(i )(A). The court dismissed the plaintiff's failure to accommodate claim because it did not contain any allegation that the plaintiff had made the written request for accommodation required by Mich.Comp.Laws Ann. Sec. 37.1210(18), and dismissed the retaliation claim because the complaint failed to allege any cognizable claim under the HCRA that might support a claim of retaliation. Finally, the court dismissed the tort claim because it held that Michigan did not recognize the tort of intentional infliction of emotional distress.
 
 
 2
 We have reviewed the record in this case and the applicable law, and conclude that the district court correctly held that the claims brought under the HCRA must be dismissed because they failed to include the elements necessary to state a claim under Michigan law. However, we further conclude that those claims should have been dismissed without prejudice to the plaintiff's right to amend her complaint.
 
 
 3
 We further conclude that the claim for intentional infliction of emotional distress was correctly dismissed with prejudice, although for reasons other than those stated by the district court. The Supreme Court of Michigan has not foreclosed the bringing of claims for intentional infliction of emotional distress, see Roberts v. Auto-Owners Ins. Co., 422 Mich. 594, 374 N.W.2d 905 (1985); rather, it has indicated that the determination of whether to adopt this tort must await a case which at least makes out a prima facie case for intentional infliction as defined by Restatement (Second) of Torts. Id., at 602. However, it is clear that plaintiff here cannot make out such a prima facie case. This complaint, even if amended to include the allegations necessary to state a claim under the HCRA, cannot rise to the level of conduct or the severity of distress necessary to state a claim for intentional infliction of emotional distress.
 
 
 4
 Accordingly, we AFFIRM the dismissal of the complaint, but we REMAND the matter to the district court with instructions that the plaintiff be permitted to amend her complaint with respect to those claims which she attempts to state under the HCRA.